# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE: ) | Case No.: BK 11-82460 |
| ) | |
| SANITARY AND IMPROVEMENT ) | **CHAPTER 9** |
| DISTRICT NO. 258 OF SARPY ) | **PLAN OF ADJUSTMENT** |
| COUNTY, NEBRASKA ) | |

This Plan of Adjustment (this "Plan") is proposed and made by Sanitary and Improvement District No. 258 of Sarpy County, Nebraska (the "District"). The provisions of this Plan have been promulgated to meet the confirmation standards under Chapter 9 of the United States Bankruptcy Code (the "Code"). This Plan should be carefully reviewed in conjunction with the Disclosure Statement which will be filed concurrently herewith, as may be amended by filing with the United States Bankruptcy Court for the District of Nebraska (the "Court").

## I. DEFINITIONS

All capitalized terms shall have the meaning given to them herein, unless context clearly requires otherwise. Capitalized terms defined in the Code and not otherwise defined herein shall have the meaning ascribed to them in the Code.

**Administrative and Priority Claims** shall mean and include the allowed (i) actual and reasonable costs and expenses incurred for services in connection with this case, including the fees of the District's attorneys, accountants and other professionals; (ii) all of the District's cost in preserving the assets of District's bankruptcy estate; (iii) the fees of the Disbursing Agent incurred for any services provided prior to the Effective Date; and (iv) any and all other claims granted priority status under Section 507(a) of the Code.

**Board** shall mean the Board of Trustees of the District, as duly elected or appointed under Nebraska law.

**Bond or Bonds** shall mean the Post-Petition Bonds issued by the District as provided in this plan.

**Certificate** shall mean the Class B Certificate of Indebtedness issued to the holders of Class A Bonds contemporaneously with the payment, in full, of the Class A Bonds as provided in this plan.

**Claims** shall mean (i) a claim which has been listed by the District on its schedules and (ii) any other claim as the term is defined in Section 101(5) of the Code.

**Class A Bond** shall mean the Bond issued to Pre-petition Construction Fund Warrant Holders in exchange for Pre-petition Construction Fund Warrants as provided in this Plan.

**Class B Certificate of Indebtedness** shall be the Certificate issued to the holders of Class A Bonds contemporaneously with the payment, in full, of the Class A Bonds.

**Confirmation Order** shall mean the order signed and entered by the Court confirming this Plan.

**Construction Fund** shall mean bond fund/bond sinking fund/construction fund of the District maintained by the County Treasurer of Sarpy County, Nebraska, as the ex officio Treasurer of the District, the monies in which are held for the purpose of making payment upon the Pre-petition Construction Fund Warrants and for the payment of the principal and interest on the Bonds and Certificates.

**Creditor** shall mean the owner or Holder of any claim.

**Disclosure Statement** shall mean the document filed in this case by the District pursuant to Section 1125 of the Code, as may be amended, modified or supplemented by the District and approved by this Court.

**Disbursing Agent** shall mean Bankers Trust Company, 453 7th Street, Des Moines, Iowa 50309.

**Effective Date** shall mean the date which shall be sixty (60) days following the Confirmation Order.

**Filing Date** shall mean the date upon which the Petition seeking voluntary relief pursuant to provisions of Chapter 9 of the Code was filed by the District.

**Final Order** shall mean an order of judgment of a court which (i) shall not be reversed, stayed, modified or amended and the time for which to appeal or seek review or rehearing shall have expired or (ii) if appealed, the operative effects of such appealed order or judgment shall not have been stayed or superseded so that the appealed order or judgment is legally enforceable.

**General Fund** shall mean the funds of the District maintained by the County Treasurer of Sarpy County, Nebraska, as the ex officio Treasurer of the District, and accumulated and held for the purpose of making payment upon General Fund Warrants.

**General Fund Warrants** shall mean those warrants payable from the General Fund of the District sold to Holders of the same as investments or in exchange for services rendered by the Holder of the warrant or the immediate or remote transferor of the warrant.

**Holder** shall mean the person legally entitled to receive payment of principal or interest on a particular Bond or Certificate.

**Petition Date** shall mean the date the Petition initiating this proceeding under Chapter 9 of the Bankruptcy Code is filed with the Bankruptcy Court.

**Post-Petition Bonds** shall mean all Bonds issued by the District prior to the Termination Date other than the Class A Bonds.

**Pre-petition Construction Fund Warrants** shall mean those warrants payable from the Construction Fund of the District issued in accordance with Neb. Rev. Stat. §31-755, for capital outlay expenditures and interest and sold to Holders of the same as investments and not in exchange for services rendered by the Holder of the warrant or the immediate or remote transferor of the warrant issued prior to the Filing Date.

**Pro Rata Share** shall mean the interest or fractional interest of any Pre-petition Construction Fund Warrant Holder, the numerator of which shall be the amount owed on such Pre-petition Construction Fund Warrant and the denominator of which shall be the sum of all amounts owed on all Pre-petition Construction Fund Warrants.

**Termination Date** shall mean the date upon which the District has made payment in full upon all Class A Bonds and all Class B Certificates or the date December 31, 2021, whichever occurs first. This Plan shall only govern the District's obligations during the period between the Effective Date and the Termination Date.

## II. CLASSES AND TREATMENT OF CREDITORS

A. <u>Administrative and Priority Claim Holders</u>. The Holders of Administrative and Priority Claims shall be paid in full. The Administrative and Priority Claims currently consist of expenses for services rendered by and for reimbursement of out-of-pocket expenses of the District's bankruptcy legal counsel, Croker, Huck, Kasher, DeWitt, Anderson & Gonderinger, L.L.C. ("Croker Huck") of Omaha, Nebraska. Croker Huck shall be paid based upon hourly rates for partners, associates, paralegals, legal assistants and administrators, at standard rates for such particular services.

B. <u>General Fund Warrant Holders</u>. The owners of the General Fund Warrants shall be paid principal and accrued interest in full. Payment of General Fund Warrants is necessary for the continuation of basic necessities of the District, including basic utilities and reasonable property maintenance expenditures. Within sixty (60) days of the Effective Date, the owners of General Fund Warrants shall be paid in full for all accrued and unpaid interest or principal due and owing under the terms of the General Fund Warrants. Thereafter, General Fund Warrants shall be paid in accordance with the stated terms thereof. The owners of General Fund Warrants shall be paid in full and are not impaired, as the term is used in the Code.

C. <u>Pre-petition Construction Fund Warrant Holders</u>. The claims of the Holders of Pre-petition Construction Fund Warrants are impaired, as the term is used in the Code. In full and complete satisfaction of the Claims of the Pre-petition Construction Fund Warrant Holders, the Pre-petition Construction Fund Warrants shall be paid in accordance with this Plan.

## III. REPAYMENT OF PRE-PETITION CONSTRUCTION FUND WARRANTS

A. <u>Payment and Exchange</u>. Pre-petition Construction Fund Warrant Holders shall be paid as follows:

    1. <u>Initial Cash Disbursement</u>. Within one hundred twenty (120) days following the Effective Date, all funds held in the Construction Fund shall be allocated as set forth in Article V. All funds not otherwise allocated shall be paid to the Class A Bond Holders based upon the Pro Rata Share of each.

    2. <u>Issuance of Bonds and Certificates of Indebtedness</u>. Within sixty (60) days of the Effective Date, all Pre-petition Construction Fund Warrant Holders shall be issued Class A Bonds, conditional upon the delivery of such Pre-petition Construction Fund Warrant, as

set forth in Article IV below. All Pre-petition Construction Fund Warrants delivered to the Disbursing Agent shall be held by such Disbursing Agent in trust for each Pre-petition Construction Fund Warrant Holder until cancelled by the issuance of the Class A Bonds set forth below. All Pre-petition Construction Fund Warrants which have been delivered to the Disbursing Agent shall be cancelled upon the issuance of the Class A Bonds. In exchange for their Pre-petition Construction Fund Warrants, each Pre-petition Construction Fund Warrant Holder will be given a Class A Bond issued by the District and authenticated by the Disbursing Agent.

    3.    <u>Modification of Terms</u>. The balance due on the Pre-petition Construction Fund Warrants and the manner of computed interest on such warrants shall not change by operation of this Plan. The Plan shall only modify the manner and timeline for repayment of the Pre-petition Construction Fund Warrants in the following ways:

    a.    No priority shall be granted among the Pre-petition Construction Fund Warrants based upon the date of issuance, warrant number thereof or the date of registration, including preference for the order or manner in which Warrants are redeemed.

    b.    The time for payment of interest and principal on the Pre-petition Construction Fund Warrants shall be paid as follows:

    i.    Payments of principal and interest will not be made as required by the original terms of the Pre-petition Construction Fund Warrants.

    ii.    Pre-petition Construction Fund Warrants shall cease to independently accrue interest upon the Petition Date.

    iii.    Pre-petition Construction Fund Warrants not exchanged for Class A Bonds shall be cancelled and terminated and shall provide no right to payment.

    iv.    Class A Bonds and Class B Certificates shall be deemed to not be in default, so long as the District is not in default of its obligations under this Plan.

    v.    Class A Bonds and Class B Certificates shall be paid from the proceeds of general ad valorum taxes, collection of special

assessments, owed, reimbursed, collected and/or the issuance of Post-Petition Bonds.

**4.     Regardless of whether or not there is an outstanding balance due on any or all Class A Bonds or Class B Certificates as of the Termination Date, all obligations of the District under the Class A Bonds and the Class B Certificates, if any, shall terminate as of the Termination Date, at which time, the District shall have no further obligation to the Holder of any Class A Bond or Class B Certificate.**

### IV. BOND AND CERTIFICATE ISSUANCE

This Plan requires, and the Bankruptcy Court will be requested as part of the Confirming Order to require, the Holders of Pre-petition Construction Fund Warrants to deliver to the Disbursing Agent any Pre-petition Construction Fund Warrants held by any Creditor. No Class A Bond shall be issued nor shall any payment be made to the Holder of any Pre-petition Construction Fund Warrant unless said Holder has delivered to the Disbursing Agent the physical Pre-petition Construction Fund Warrant issued by the District or, in the event that the Pre-petition Construction Fund Warrant is lost or destroyed, an Affidavit of Lost or Destroyed Security and Indemnification thereon. Each Pre-petition Construction Fund Warrant Holder shall deliver the warrants to the Disbursing Agent for exchange into a Class A Bond not less than thirty (30) days after the Effective Date.

If not so delivered the Pre-petition Construction Fund Warrant shall be cancelled and terminated. In exchange for Pre-petition Construction Fund Warrant, the Disbursing Agent shall issue to the creditor having provided the Pre-petition Construction Fund Warrant to the Disbursing Agent, or to such creditor's assignee, a Class A Bond in the face amount of the Pre-Petition Construction Fund Warrant delivered by the Creditor, plus any accrued and unpaid interest thereon. The Disbursing Agent shall maintain possession of the Class A Bond and a statement of the amount due under the Class A Bond shall be provided to the Holder.

All Class A Bonds shall be issued within sixty (60) days of the Effective Date. The Class A Bonds shall be issued in accordance with Neb. Rev. Stat. §31-727 et seq. and a petition to approve the issuance of the Class A Bonds shall be filed in the District Court of Sarpy County, Nebraska in accordance with Neb. Rev. Stat. §31-757 et seq. No preference shall be given to any Class A Bond

based upon date of issuance. Interest accruals on all Pre-petition Construction Fund Warrants will cease on the Petition Date.

The Class A Bonds and Class B Certificates issued pursuant to this Plan shall bear clear and unequivocal language identifying that both are (i) subject to the payment terms set forth in the Plan, (ii) are not guaranteed to pay full interest or return principal face value, and (iii) are not subject to guarantee under Neb. Rev. Stat. §31-755. The Bonds shall not accrue interest and the Certificates shall accrue simple interest at a rate of Seven percent (7%) annually, subject to the terms of this Plan.

In order to ensure that a Pre-petition Construction Fund Warrant Holder cannot continue to hold Pre-petition Construction Fund Warrants with a view towards redemption, any and all outstanding warrants not delivered to the Disbursing Agent prior to the 30th day after the Effective Date shall be deemed cancelled and terminated and of no further force and effect.

    1.    **Issuance of Bonds and Certificates.** The procedure for the issuance of Bonds and Certificates is as follows:

        a.    <u>Class A Bond</u>. A Class A Bond will be issued to each Pre-petition Construction Fund Warrant Holder in the face amount of the Pre-petition Construction Fund Warrant(s) delivered, plus any accrued and unpaid interest thereon to the Petition Date. Owners of multiple Pre-petition Construction Fund Warrants may be converted into a single Class A Bond. The Class A Bonds shall not accrue interest. The Class A Bonds shall be non-contingent bonds subject to full payment of principal. The Class A Bonds shall not be subject to the terms and conditions of Neb. Rev. Stat. §31-755 except to the extent that it requires payment in full to the holders of Class A Bonds. No Class A Bond shall have priority over any other Class A Bond. An opinion as to the authorization and validity of the Class A Bond will be sought from Baird Holm LLP.

        b.    <u>Class B Certificate of Indebtedness</u>. A Class B Certificate of Indebtedness will be issued to each Class A Bond Holder if, and only if, the Class A Bonds are contemporaneously paid, in full. One Class B Certificate of Indebtedness will be issued for each Class A Bond. Each Class B Certificate of Indebtedness will be issued in an amount equal to an accrual of simple interest on the

outstanding principal on the corresponding Class A Bond at the rate of seven percent (7%) per annum. The Class B Certificate of Indebtedness shall be subject to the payment terms set forth in this Plan and are not conferred priority or guarantee of payment under Neb. Rev. Stat. §31-755. The Class B Certificate of Indebtedness is a contingent bond and subject to cancellation at the expiration of its term, whether paid or unpaid. No payment shall be made on any Class B Certificate of Indebtedness until all Class A Bonds have been paid in full.

c.  <u>Post-Petition Bonds</u>. Any Post-Petition Bonds issued by the District shall be superior and prior to the Class A Bonds and the Class B Certificates and the Class A Bonds and the Class B Certificates shall be junior to any Post-Petition Bonds.

## V. ALLOCATION OF DISTRICT FUNDS

On or before the Effective Date, the District shall utilize the cash and investments with accrued interest thereon on deposit in the Construction Fund to make the following payments:

A. Administrative and Priority Claims shall be paid in full from the funds in the Construction Fund.

B. The holders of General Fund Warrants shall be paid in full for all principal and accrued interest due and owing under the terms of the General Fund Warrants.

C. The sum of Fifty Thousand and no/100 Dollars ($50,000.00) shall be transferred from the Construction Fund to the General Fund for the operations of the District.

D. The remaining funds in the Construction Fund, if any, after payment of the amounts due under A through C above shall be paid out to the Class A Bond Holders as provided in Article III (A)(1) above.

## VI. POST-PETITION BOND ISSUANCE

A. The District shall have an obligation throughout the term of this Plan to periodically consider whether or not the issuance of Post-Petition Bonds would be advantageous to the District and the Class A Bond and Class B Certificate Holders. Consideration shall include, but need not be limited to, interest rates, prevailing tax rates, total valuation of property subject to the District's tax authority and general market conditions.

B. In the event that the District determines that it is in the best interest of the District and the Class A Bond and Class B Certificate Holders to issue Post-Petition Bonds, such Post-Petition Bonds shall be issued by the District.

C. The Post-Petition Bonds shall be payable from the Construction Fund, and expenses associated therewith, including sinking fund expenditures, shall be allowed expenses of the District.

D. The District shall specifically be obligated to issue Post-Petition Bonds in the six (6) months prior to the Termination Date, and such Post-Petition Bond so issued shall be issued for a term of not less than fifteen (15) years, unless all of the Class A Bonds and the Class B Certificates can be paid, in full, without such Bond issuance.

E. The Post-Petition Bond shall be superior and prior to the claims of General Fund Warrant Holders and Class A Bond Holders and Class B Certificate Holders. The Post-Petition Bonds shall be granted the priority set forth in Neb. Rev. Stat. §31-755.

## VII. OPERATION OF THE DISTRICT

From the date upon which the Confirmation Order is entered and until the Termination Date, the operation of the District shall be governed by the terms of this Plan. This Plan may not be amended except by Court order.

### A. District Funds and Income.

1. District Funds. All monetary assets of the District are held in either the General Fund or the Construction Fund. As of the date of May 31, 2011, the total assets held in the General Fund are approximately Two Thousand Nine Hundred Thirty-Four 61/100 Dollars ($2,934.61) and the total assets held in the Construction Fund are approximately One Million One Hundred Fifty Thousand Five Hundred Fifty-Six and 51/100 Dollars ($1,150,556.51).

The General Fund exists for the purpose of holding funds used in the operation of the District and for payment of General Fund Warrants. Following confirmation of the Plan, the General Fund would hold amounts used for the operating budget of the District and payment of General Fund Warrants.

The Construction Fund receives an allocated portion of the District's tax revenues. Amounts held in the Construction Fund following confirmation of this Plan will consist of amounts established by Article V, above. Remaining amounts in the Construction Fund will be either retained or distributed, as set forth in this Plan, to the Pre-petition Construction Fund Warrant Holders.

2. <u>District Tax Rate</u>. The tax rate for the 2010/2011 fiscal year for real estate located within the jurisdiction of the District is ninety cents ($0.90) per One Hundred and no/100 Dollars ($100.00) of assessed valuation (the "Tax Levy"). For the 2011/2012 Fiscal year, the Tax Levy shall be increased to ninety-five cents ($0.95), with sixty-five cents ($0.65) being allocated to the Construction Fund and thirty cents ($0.30) being allocated to the General Fund. Prior to the Termination Date, the Tax Levy shall not be increased to more than ninety-five cents ($0.95) or decreased to less than ninety cents ($0.90) without the order of the Court. The amount of the Tax Levy allocated to the Construction Fund shall not be reduced to less than sixty-five cents ($0.65) prior to the Termination Date. The income from the Tax Levy shall be distributed among the General Fund and the Construction Fund as provided herein.

3. <u>Tax Levy Redistribution</u>. The distribution of the Tax Levy between the General Fund and the Construction Fund shall not be altered or amended prior to the termination date except to increase the amount assigned to the Construction Fund. After the Termination Date, the Tax Levy may be adjusted and altered provided always that the Tax Levy assigned to the Construction Fund shall be sufficient to meet all necessary payments on the Post-Petition Bonds issued by the District.

B. **Emergency Fund.** The District shall retain in the General Fund not less than Fifty Thousand and no/100 Dollars ($50,000.00) from the District's operating budget as an emergency fund. The emergency fund shall be used solely in the event of an emergency, defined for the purposes of this Plan as an event or circumstance requiring immediate corrective action or an event which occurs where further significant damage or expense is likely to occur unless corrective action is taken within a reasonable period of time. In no event shall the emergency fund be permitted to accumulate more than Fifty Thousand and no/100 Dollars ($50,000.00). In the event of an emergency resulting in a single expense greater than either seventy-five percent (75%) of the District's budget or greater than seventy-five percent (75%) of the accumulated emergency fund of the District, the District shall have the authority to use some or all of the emergency fund to cover present expenses of the District. In the event that the available emergency fund is not sufficient to cover the costs of such an event, the District may petition this Court for permission to spend other funds of the District, and the Court shall determine whether such expenditure is reasonable and in the best interest of the parties. In the event any portion of the emergency fund as provided herein is utilized, the District shall adjust its levy and/or budgeted expenses so as to replenish the emergency fund to the level provided for herein.

C. **District Operating Budget.** The operating budget of the District in the year following the Confirmation Order shall be an amount equal to the District's valuation times the Tax Levy allocated to the General Fund. For fiscal year 2011/2012, the Tax Levy allocated to the General Fund shall not exceed Thirty Cents ($0.30). For each year thereafter, the budget may increase two and one-half percent (2.5%) annually provided, however, that the Tax Levy is not increased or decreased in violation of the terms set forth herein. The District shall be required to pay its ordinary operating expenses and maintenance expenses within the terms of the budget, and may not exceed the budget without an order of the Court. The Board may spend less than the maximum budget allowed, in its discretion.

D. **Payment of Unimpaired Debts.** The District shall, within ninety (90) days following the entry of the Confirmation Order, bring current any arrearages allowed to accrue before or during the pendency of this bankruptcy on any General Fund Warrants and any other payment obligation related to securities issued by the District except payments upon Construction Fund Warrants issued prior to the commencement of this bankruptcy proceeding.

Payments on General Fund Warrants, General Fund Bonds, Certificates and of securities issued by the District before, during and after the pendency of this bankruptcy shall be kept current and the District shall not allow such securities to go into default under their terms, except as permitted by this Plan.

E. **Payment to Disbursing Agent for the benefit of Certificate Holders.** Following the payment and reservation of other amounts contemplated by this Plan, the Construction Fund, including the income attributed thereto and funds held therein, shall be held for the benefit of the Holders of the Post-Petition Bonds, Class A Bonds and Class B Certificates. The income of the District from the Tax Levy allocable to the Construction Fund, sewer connection fees, and all other income allocable to the Construction Fund, less amounts to be paid or held by this Plan, including the payments required by Article V herein, shall annually be computed as the amount available for distribution to the Class A Bond and Class B Certificate Holders.

On or before the last day of January of each year, the District and Disbursing Agent shall meet to calculate the funds, if any, to be delivered to the Disbursing Agent for such year. In any year during which there are no funds available for distribution to the Class A Bond and Class B Certificate Holders, or amounts available for distribution, including amounts accrued from previous years, do not total at least Fifty Thousand and no/100 Dollars ($50,000.00), the District shall not be

required to make a distribution to Disbursing Agent for the benefit of the Class A Bond and Class B Certificate Holders. In any year that there is greater than Fifty Thousand and no/100 Dollars ($50,000.00) available for distribution to the Class A Bond and Class B Certificate Holders, the District shall distribute to the Disbursing Agent amounts available on or before March 1. The Disbursing Agent shall, on or before March 15, pay to the Class A Bond and Class B Certificate Holders their respective Pro Rata Share of such amounts. It is intended, to the greatest degree possible under the terms of this Plan, the Class A Bonds and Class B Certificates shall be issued, paid and redeemed in a manner consistent with and allowing for tax exempt status under applicable Internal Revenue Service regulations. For accounting purposes, payments will be first applied against outstanding principal amounts due on the Bonds and then to unpaid interest, if any, on the Certificates.

The Disbursing Agent shall be paid the sum of Two Thousand Five Hundred Dollars ($2,500.00) each year. The Disbursing Agent may collect reasonable fees for administering or recording transfers of Class A Bonds and Class B Certificates by, to, or among holders thereof. Nothing in this paragraph shall be deemed to prohibit the District from compensating the Disbursing Agent, or any other party, for services provided in the servicing of securities issued by the District other than Class A Bond or Class B Certificates.

Distributions shall be made to the Class A Bond and Class B Certificate Holders pursuant to this Plan until all amounts of principal and interest due under the Class A Bonds and Class B Certificates are paid in full, or until the Termination Date, whichever occurs first. In the fiscal year during which the Termination Date occurs, any funds which would be available for distribution to the Class A Bond and Class B Certificate Holders shall be so distributed, without regard to the Fifty Thousand and no/100 Dollars ($50,000.00) minimum distribution amount set forth above.

In no event shall distributions be made in excess of amounts necessary to pay principal on the Class A Bonds and interest outstanding on the Class B Certificates. If, during the year in which the Termination Date occurs, the Class A Bonds and Class B Certificates have not been paid in full, and there are funds held in the emergency fund of the District, the District shall distribute funds held in the emergency fund to the Class A Bond and Class B Certificate Holders.

Regardless of whether the Class A Bonds or Class B Certificates have been paid, such Class A Bonds and Class B Certificates shall be terminated following the Termination Date, and shall not continue to be an obligation of the District past such date. No Creditor of the District or Pre-petition

Construction Fund Warrant Holder shall have any right to receive payment on the Pre-petition Construction Fund Warrants except as set forth in this Plan.

## VIII. IMPLEMENTATION OF THE PLAN

The implementation and consummation of this Plan shall occur as follows:

A. **Voting Procedures and Effective Date.** Copies of this Plan and the accompanying Disclosure Statement shall be sent by the District to all Pre-petition Construction Fund Warrant Holders, along with a ballot included for the purpose of voting in favor of or against the Plan. Only by completing, signing and returning the ballot may a creditor vote for or against this Plan.

In order for this Plan to become effective, the following conditions must be met:

(a) The Plan must have been accepted by the Holders of at least two-third (66.7%) in amount and more than one-half (50%) in number of the Pre-petition Construction Fund Warrant Holders.

(b) The Court shall have confirmed the Plan as required by the terms of this Plan and by Section 1129 and Section 943 of the Bankruptcy Code.

B. **Other Documents.** All parties, by agreeing to the terms of this Plan, agree to execute and deliver, as appropriate, all documents reasonably required to implement and effectuate the terms of this Plan.

## IX. RETENTION OF JURISDICTION, ENFORCEMENT, SETTLEMENT OR ADJUSTMENT TO CLAIMS

The Court shall retain exclusive jurisdiction of all matters arising under, or related to, this case, until this case is closed, specifically limited, however to the following:

A. To classify, allow or disallow Claims, direct distributions under the Plan and adjudicate all controversies concerning classifications, objections to or allowances of any Claim.

B. To enforce post confirmation performance of the Plan against any person with regard to the District's Chapter 9 estate, but not otherwise.

C. To herein determine all Claims arising from the rejection of executory contracts and leases, if any, which are included in the District's Chapter 9 estate and to consummate rejection and termination thereof in connection with the Debtor's Chapter 9 estate, but not otherwise.

D. To liquidate damages or estimate Claims in connection with any disputed, contingent, or unliquidated claims.

E. To adjudicate the validity of or the authority of the District to make or undertake any purchase, sale or contract made or undertaken by the District during the pendency of the District's Chapter 9 case.

F. To recover all assets and property belonging to the District's Chapter 9 estate wherever located.

G. To hear and determine all actions and proceedings which relate to preconfirmation matters brought by the Debtor arising in or relating to this case or arising under the Bankruptcy Code, whether such action or proceeding is brought before or after the Filing Date.

H. To hear and determine all controversies, suits, and disputes that may arise as to pre-confirmation matters and the interpretation of or enforcement of the Plan or the provisions of the Disclosure Statement.

I. To hear and determine all requests for compensation and/or reimbursement of expenses by professionals retained by the District which may be made after the Confirmation Date.

J. To hear and determine such matters and make such orders as are consistent with the Plan as may be necessary or desirable for the successful implementation of the Plan as provided in Section 945 of the Code.

## X. MODIFICATIONS TO PLAN

This Plan may be modified, amended or corrected under Section 942 of the Code upon application of the District at any time prior to the entry of the Confirmation Order without notice and hearing and without additional disclosure pursuant to Section 1125 of the Bankruptcy Code, provided, however, that the Court find that such modification or correction does not materially and adversely affect any Creditor or the Claim of any creditor. The Plan may be modified after confirmation upon order of the Court after such notice and opportunity for hearing as may be appropriate.

## XI. BINDING EFFECT AND DISCHARGE

Confirmation of this Plan shall bind all persons and entities as provided by Section 305 of the Code and the obligations of the Debtor shall be only those as described and included in this Plan. All other obligations of the District, including but not limited to those of Pre-petition Construction Fund Warrant Holders, shall be discharged.

Confirmation of the Plan will not discharge any Claims which any creditor or interest Holder of the District may have against any third party.

The Court, in the Confirmation Order, and at its discretion, will, by its specific language, forever prohibit persons from taking any action in any way which may be inconsistent with this Plan or in violation of the terms or legal effect of the Confirmation Order.

SANITARY AND IMPROVEMENT
DISTRICT NO. 258 OF SARPY COUNTY,
NEBRASKA,

By: /s/ Martin P. Pelster
Martin P. Pelster, #19223
Of CROKER, HUCK, KASHER, DeWITT,
ANDERSON & GONDERINGER, L.L.C.
2120 South 72nd Street, Suite 1200
Omaha, Nebraska 68124
(402) 391-6777